PER CURIAM:
Appellant Timothy Letord Hales appeals his sentence of 360 months imprisonment for conspiracy to possess with intent to distribute 5 grams or more of cocaine base, and possession with intent to distribute 5 grams or more of cocaine base, in violation of 21 U.S.C. §§ 841(a)(1), (b)(l)(B)(iii), 846, and 851.
On appeal, Hales argues that his sentence was unreasonable, and the district court’s statement, that it did not feel that a “departure” from the guideline range was appropriate, implied that the court treated the Sentencing Guidelines as creating a presumptive sentence. This court reviews sentences for reasonableness. United States v. Martin, 455 F.3d 1227, 1236 (11th Cir.2006). This court has held that, “[i]n reviewing the ultimate sentence imposed by the district court for reasonableness, we consider the final sentence, in its entirety, in light of the § 3553(a) factors.” Id. at 1237. (internal quotation and citations omitted). The § 3553(a) factors include:
(1) the nature and circumstances of the offense; (2) the history and characteristics of the defendant; (3) the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment; (4) the need to protect the public; and (5) the Guidelines range, as well as (6) the kinds of sentences available; (7) the need to avoid sentencing disparities among similar defendants who have been found guilty, and (8) the need to provide restitution to victims of the offense.
Id. at 1236 (internal quotations and citations omitted). However, we also have held that the district court need not state on the record that it explicitly has considered each factor and need not discuss each factor. United States v. Talley, 431 F.3d 784, 786 (11th Cir.2005). An acknowledgment by the district court that it has considered the defendant’s arguments and the § 3553(a) factors will suffice. Id. Furthermore, although a sentence within the Sentencing Guidelines range will not be considered per se reasonable, the Guidelines remain central to the sentencing process. Id. at 787. Therefore, “when the district court imposes a sentence within the advisory Guidelines range, we ordinarily will expect that choice to be a reasonable one.” Id. at 788.
Because the district court imposed a low-end sentence after considering the Sentencing Guidelines as advisory only, as well as considering Hales’s personal characteristics and his need for rehabilitative treatment, we conclude that the court did not impose an unreasonable sentence.
Next, Hales argues that his designation as a career offender, based on two prior felony drug convictions, violated his Sixth Amendment and due process rights to have all facts relevant to sentencing be alleged and proven beyond a reasonable *507 doubt before a jury. In United States v. Gibson, 434 F.3d 1234, 1246 (11th Cir.), cert denied, — U.S.-, 126 S.Ct. 2911, 165 L.Ed.2d 931 (2006), we held that the Fifth and Sixth Amendments do not require that a defendant’s prior convictions be alleged in the indictment or proven to a jury before they are used to designate the defendant as a career offender. We noted that we are bound by Almendarez-Torres v. United States, 523 U.S. 224, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998), which held that the indictment need not charge a sentence-enhancing factor if that factor was not an element of the charged offense. Gibson, 434 F.3d at 1244-47.
Because our precedent does not require that prior convictions used to enhance a sentence be alleged in the indictment or proven to a jury, we hold that the district court did not err by designating Hales a career offender based on his two prior drug convictions. Accordingly, we affirm Hales’s sentence.
AFFIRMED.